IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARC MATSUMOTO,<br>　　　Plaintiff,<br><br>　　　v.<br><br>JAMES LIN and JOHN DOES 1-3 d/b/a YUMMY THAI,<br>　　　Defendant, | )<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

The plaintiff Marc Matsumoto ("Plaintiff"), by his undersigned attorney, for his complaint against the defendants James Lin and John Does 1-3 ("Defendants") and alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq.*

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

**PARTIES**

3. Plaintiff is an individual doing business as a professional photographer in Napa California.

4. Upon information and belief, the defendant James Lin is an individual who owns or operates a business at 2261 Massachusetts Avenue, Cambridge, MA 02140 known as Yummy

Thai.

5.      Upon information and belief, the defendants John Does 1-3 are individuals or entities who own or operate the business at 2261 Massachusetts Avenue, Cambridge, MA 02140 known as Yummy Thai.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

7.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in the Commonwealth, including without limitation Defendant's copyright infringement, which causes harm in this Commonwealth and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

9.      Plaintiff is a private chef, TV host, food consultant and food photographer who is the creative force behind the popular website known as norecipes.com.  Plaintiff's photos have been featured in books, magazines, and product packaging.

10.     Plaintiff is the original author of the photographic image at issue in this litigation (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

11.     As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

12.     On February 4, 2019, Plaintiff obtained a certificate of registration for the

Copyrighted Work from the United States Copyright Office, Registration Number VA 2-137-312.

13. Plaintiff owns, and has always owned, all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

**B.     Defendants' Unlawful Activities**

14. Upon information and belief, Defendants own, operate, or participate in the operation of the website located at the URL http://www.yummythaicambridge.com ("Defendant's Website") where they use high quality photographic images of food to promote their restaurant business Yummy Thai.

15. In January of 2024, Plaintiff discovered Defendants infringing Plaintiff's exclusive copyrights in the Copyrighted Work.  Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at numerous URLs at Defendant's Website, screenshots of which are attached hereto as Exhibit B.

16. Upon information and belief, Defendants are responsible for the infringement of Plaintiff's copyrights at Defendants' Websites.

17. Upon information and belief, the defendant James Lin, or someone working on his behalf, located the Copyrighted Work on the internet and, without authorization from Plaintiff, without any regard for the copyrights of Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendants and then uploaded the Copyrighted Work to the Defendants' Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

18. The reproduction, distribution, and public display of Plaintiff's Copyrighted Work at Defendants' Website is and always has been without Plaintiff's authorization.

19. Defendants' unauthorized reproduction, distribution, derivation, and public display of Plaintiff's copyrights are knowing and willful because Defendant is familiar with copyright

ownership and claims to own the copyrights to the content found at Defendant's Website, including Plaintiff's Copyrighted Work, by placing the notification "Copyright © 2024, All Rights Reserved by Yummy Thai" on Defendant's Website.

20. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because Defendants' commercial cuse of Plaintiff's copyrights evinces a reckless disregard of Plaintiff's copyrights.

21. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because Defendant was willfully blind to the risk of infringement.

## FIRST CLAIM FOR RELIEF
## (Direct Copyright Infringement)

22. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is Plaintiff's original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. By his actions, as alleged above, the defendant James Lin has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of a derivative work, and publicly displaying the Copyrighted Work.

25. Upon information and belief, the infringement by James Lin is willful and deliberate and he has profited at the expense of Plaintiff.

26. As a direct and proximate result of the infringement of Plaintiff's exclusive copyrights in the Copyrighted Work by James Lin, Plaintiff is entitled to recover his actual damages, pursuant to 17 U.S.C. § 504(b), resulting from the uses of the Copyrighted Work

without paying license fees, in an amount to be proven at trial.

27. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

28. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, derivation, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

30. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

31. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

32. As an alternative theory to its direct infringement claim, in the event Defendants contend the infringing conduct described above is done by another, Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

33. By its actions, as alleged above, Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C.

§501.

34. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendants profited at the expense of Plaintiff.

35. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

36. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

37. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

38. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

39. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

40. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

41. As an alternative theory to his infringement claims above, to the extent Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendants had the right or ability to control the direct infringement described above.

42. As a result of Defendants' right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

43. Defendants had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and benefitted from that direct infringement.

44. As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from the Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

45. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

46. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

47. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

48. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff his costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any Work derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity;

8. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

10. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any Work derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and,

11. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 12, 2024

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorneys for Plaintiff*
*Marc Matsumoto*